TIBBS
*vs*
TIBBS' EX'R.

*Harlan & Craddock* for plaintiff.

---

CHANCERY.

## Tibbs *vs* Tibbs' Executor.

ERROR TO THE HARRISON COUNTY COURT.

*Case* 31.

*October* 7.

*Wills.   Dower.   Slaves.   Partition of estates.*

JUDGE MARSHALL delivered the opinion of the Court.

A widow renouncing the provisions of her husband's will, is entitled, under 24th sec. of the statute of 1797, to one third of the slaves of which the husband died pos-

THE only question in this case is, whether a widow who has renounced the provision made for her by her husband's will, is entitled, in a case where the husband has left no children, to one half of his slaves or only to one third.

The 24th section of the statute of 1797, concerning wills, &c., (2 *Stat. Laws*, 1544–5,) provides expressly for the case of a widow renouncing the provision made for her by the will, and declares that in such case she

shall be entitled to one third of the slaves whereof her husband died possessed, which she shall hold during her life, and at her death, they and their increase shall go to such person to whom they would have passed and gone if such declaration had not been made; and she shall, moreover, be entitled to such share of his other personal estate as if he had died intestate, to hold to her as absolute property. The 28th section of the same act, (1 *Stat. Laws*, 660,) providing for the case of a person dying intestate as to his goods and chattels, or any part thereof, enacts that after the funeral debts and just expenses paid, if there be no child, one moiety, or if there be a child or children, one third of the surplus shall go to the wife, (but she shall have no more than the use for life of such slaves as shall be in her share,) and the residue of the surplus, and after the wife's death the slaves in her share, or if there be no wife, then the whole of such surplus shall be distributed in the same proportions, and to the same persons as lands are directed to descend in and by an act of the General Assembly, entitled, "an act directing the course of descents," &c.

sessed for life, and one third of the personal estate absolutely, though there be no children.

So far as the right of a widow in slaves of her husband is concerned, each of these sections is complete in itself. Each makes a perfect provision for the case it intends to provide for, and neither refers to the other, either to aid itself or to modify the other. The one making provision for the case of a widow renouncing the provision made for her in her husband's will, makes no discrimination founded on the fact of there being or not being children of the husband. In view of that section and as to the distribution of the slaves, such a fact is wholly immaterial. The case is precisely the same whether there be or be not children. The other section provides for a different case, the case of intestacy of the husband. And under that section and in the case of intestacy, there is a discrimination founded on the fact referred to, and a different rule is provided for the two cases which may arise under the section in consequence of the discrimination made. In the case of intestacy, if there be no child, the widow is entitled to one half, if there be a child or children, to one third of the slaves.

—But in case of the husband dying intestate as to his goods and chattels, or any part thereof, and without child or children, the widow, by the 28th sec. of the same statute, is entitled to one half, after personal debts and just expenses are paid; but she shall have no more than the use for life of such slaves as shall be in her share.

If it were conceded that there is, in the nature of the case, no more reason for giving the wife one half in case of intestacy, than for giving her half in case of renunciation, when there are no children to divide the estate with her, this concession, though it might be entitled to weight in a case of doubtful construction, can have none when the provision of the statute is express and clear. But we cannot say that there is no reason for discriminating against a wife who renounces a provision which her husband has deemed suitable and sufficient, and whether there was or not, the statute has not placed her on the same ground with regard to her portion in the slaves of his estate. It is indeed, contended that when the wife renounces the provision made for her, the husband is intestate so far as she is concerned, and therefore, the case comes within the principle if not within the letter of the 28th section. But this is not so. The renunciation of the wife may defeat the intended operation of the will, but it does not defeat, to any extent, the fact that there is a will. It does not make the husband intestate as to the whole or any part of his estate. But it is a sufficient answer to this argument, that the same statute which provides for the case of intestacy, provides also for the case of a renunciation by the wife; and that although in the other personal estate, (exclusive of slaves,) it gives her the same share as if her husband had died intestate, it does not refer her interest in the slaves to the same criterion, but gives her expressly one third. It seems, therefore, impossible to say that the Legislature intended that her interest in the slaves and in the personalty, should in all cases, be determined by the rule applicable to the case of intestacy. It cannot be said that slaves were particularly mentioned for the mere purpose of showing that in them the widow was to have but a life estate. For the 28th section makes the same limitation of her interest in case of intestacy; and by giving her, in terms, the same interest in case of renunciation as in case of intestacy, this limitation would have been sufficiently secured and the interest of the devisees, after her death, might have been distinctly and easily provided for; nor is it easy to conceive that the case of there being no children of the hus-

band was not contemplated in providing for the case of renunciation, in the 24th section of the act, when that case is expressly provided for in making provision for the case of intestacy in the 28th section of the same act. And even if we could suppose that this case was not contemplated, still as the Legislature has made a general provision covering all cases of renunciation, without discriminating between those in which there were and those in which there were not children, we do not feel authorized to interpolate such a discrimination into the statute.

Wherefore, the order of the County Court overruling the exceptions of the widow and confirming the division allotting to her but one third of her husband's slaves, is affirmed.

*Curry* for plaintiff; *Trimble* for defendants.